14-657
Emin v. Lynch

BIA
A095 369 508/9/10

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:
    PIERRE N. LEVAL,
    JOSÉ A. CABRANES,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

ADRIAN EMIN, MINA EMIN, MALVIN EMIN,
        *Petitioners,*

    v.                                    14-657
                                          NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL*,
        *Respondent.*

_____

FOR PETITIONER:          Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**                    Joyce R. Branda, Acting Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Albania, seek review of the BIA's February 11, 2014, decision denying their motion to reopen. *In re Adrian, Mina, Malvin Emin* Nos. A095 369 508/9/10 (B.I.A. Feb. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An applicant may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Petitioners motion to reopen was untimely and number-barred because it was their second motion and it was filed more than nine years after their orders of removal became final. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the limitations do not apply where a motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Or the deadline may be tolled if the applicant can demonstrate ineffective assistance of counsel, and that he acted with due diligence in pursuing his claim. *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (requiring an alien to demonstrate due diligence independent

3

from the requirement of demonstrating ineffective assistance of former counsel).

It was not error for the agency to conclude that Petitioners failed to show a material change in country conditions between their asylum hearing and the filing of their motion to reopen. The evidence showed that pervasive election-related violence and corruption in Albania existed in the years preceding their 2003 asylum hearing and continued at the time of their 2013 motion to reopen. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (establishing date of hearing as baseline for assessing whether evidence establishes changed conditions). Accordingly, it was not error to conclude that the recent evidence—even if it showed marginally worsened conditions—was insufficient to show a material change in country conditions excusing the applicable procedural limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007) ("Change that is incremental or incidental does not meet the regulatory requirements" for motions to reopen based on changed country conditions).

4

And, as the BIA observed, evidence of generalized violence and unrest in Albania was insufficient to show that Petitioners' fears differed from the population as a whole. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution.").

With respect to tolling based on ineffective assistance of counsel, Petitioners are required to demonstrate "due diligence" in pursuing that claim "during the entire period [they] . . . [sought] to toll." *Rashid*, 533 F.3d at 132; *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

Even assuming that Petitioners have shown their former counsel to be ineffective, the BIA did not abuse its discretion in finding that they did not pursue their claim with due diligence. *See Cekic*, 435 F.3d at 170 (requiring an alien to demonstrate due diligence independent from the requirement of demonstrating ineffective assistance of former counsel). As the BIA observed, Petitioners learned of counsel's misconduct in April 2012 at the latest, when their new counsel informed them of former counsel's errors.

5

However, they waited until September 2013, approximately a year and a half later, to file their bar complaint against their former counsel, and did not file a motion to reopen with the BIA until October 2013.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6